**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JACKSON MATTHEW HALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-0884-RAH-CWB |
| | ) | |
| **LT. SALTER and OFFICER SPANN,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Jeffrey Salter and Shannon Spann's *Motion to Dismiss* (docs. 15 & 23), filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that (1) Eleventh Amendment sovereign immunity bars Plaintiff Jackson Matthew Hall's claims for damages against them in their official capacities; (2) Hall's request for injunctive relief in the form of Defendants' termination and prohibition from future law-enforcement employment and his request to be transferred to another correctional facility fail to state a claim for equitable relief; (3) Hall failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a); and, (4) Hall's claims for monetary damages are barred by qualified immunity. Hall, proceeding pro se, has filed a response (docs. 19 & 28). For the reasons that follow, the motion is due to be granted in part.

## BACKGROUND

Hall, an inmate currently housed at Bibb Correctional Facility, filed this action against Salter and Spann, both correctional officers employed by the Alabama

Department of Corrections (ADOC). Hall's operative pleading is his Amended Complaint (doc. 9) filed February 13, 2026.

Hall alleges that on November 18, 2023, at approximately 5:15 p.m., while housed at Easterling Correctional Facility, he was sprayed with a chemical agent, forced to lie face-down, and then was kicked and struck with sticks by Salter, Spann, and a third officer, resulting in a broken ankle, bruising to his ribs and hips, and related injuries. (Doc. 9 at 2, 5.) Hall further alleges that he was denied medical treatment and a body chart on the date of the incident, and that he was not examined until two days later, on November 20, 2023, after reporting his injuries to a captain. (*Id.*) Hall states that he submitted a grievance concerning the incident on December 5, 2023, after his November 21, 2023, transfer to Bibb.[1] (*Id.* at 7.)

**STANDARD OF REVIEW**

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)) (alterations in original). "'Factual attacks,' on the other hand, challenge 'the

[1] On the printed grievance-history portion of the form complaint, Hall's answers concerning the disposition of his grievance are internally inconsistent. In one place, he states that he was told an investigation would be conducted but has received no update, and in another, he states that the grievance process is complete and that he took no further appeal. (Doc. 1 at 7.)

existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id*. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss for failure to state a claim, a court is not required to accept a plaintiff's legal conclusions but must accept well-pleaded facts as true. *Iqbal*, 556 U.S. at 678–79.

A complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See id*. at 679 (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Factual allegations in a complaint need not be detailed, but they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). Conclusory allegations that fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Id*. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plaintiff is responsible for alleging sufficient facts to support his claims. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### Official Capacity Claims

The Eleventh Amendment bars suits for money damages against state officials sued in their official capacities because such suits are, in substance, suits against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524–25 (11th Cir. 1990). Alabama has not waived this immunity, *see* Ala. Const. art. I, § 14, and Congress did not abrogate it in enacting 42 U.S.C. § 1983. *Carr*, 916 F.2d at 1525.

The Court recognizes that Hall's operative Amended Complaint states on its face that Defendants are sued only in their individual capacities. (Doc. 9 at 2.) To that extent, Defendants' reliance on the superseded original complaint is misplaced, since an amended complaint ordinarily supersedes the pleading it amends and becomes the operative pleading for all purposes. However, out of an abundance of caution and in light of Hall's pro se status—and because Hall's requested relief includes remedies that are, by their nature, available only against officials acting in their official capacities—the Court addresses the merits of the official-capacity and equitable-relief arguments so that the scope of this case is clear going forward.

Therefore, to the extent Hall's Amended Complaint is construed as seeking money damages against Salter and Spann in their official capacities, those claims are due to be dismissed for lack of subject-matter jurisdiction as any recovery on such claims would be paid from state funds and would therefore be barred by the Eleventh Amendment. *See Monroe v. Fort Valley State Univ.*, 93 F.4th 1269, 1280 (11th Cir. 2024).

### Injunctive Relief

Hall's Amended Complaint also seeks a protective order directing Defendants not to come within 100 feet of him. To the extent Hall's pleadings seek broader injunctive relief in the form of Defendants' termination from ADOC employment

and a prohibition on future law-enforcement work, that relief is unavailable as a matter of law as federal courts lack authority to direct the termination of state employees or to take over the personnel functions of a state agency. *Hill v. Hill*, No. 22-13620, 2025 WL 2702092, at *4 (11th Cir. Sept. 23, 2025); "Although federal courts have the power to order state and local officials to comply with the U.S. Constitution, they lack the power to order those officials to take certain disciplinary actions against employees." *Hutchins v. Billy Clark Bail Bonds, Inc.*, 2022 WL 17812456, at *4 (N.D. Fla. Nov. 8, 2022) (finding court lacked the authority to order sheriff to terminate deputy's employment), report and recommendation adopted, 2022 WL 17811967 (N.D. Fla. Dec. 19, 2022); *see Easley v. Shelby Cnty. Jail*, 2024 WL 647808, at *10 n.14 (N.D. Ala. Jan. 19, 2024) ("The suggestion the Deputy Wynn's employment should be terminated could be construed as a request for injunctive relief. But that is not a type of injunctive relief a federal court can grant."), report and recommendation adopted, 2024 U.S. Dist. LEXIS 26605, 2024 WL 646353 (N.D. Ala. Feb. 15, 2024); *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir. 1977) ("[F]ederal courts have no authority to ... to fire state employees."), rev'd on other grounds sub nom., *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).[2]

Further, to the extent Hall seeks a protective order—that is, equitable relief directing the Defendants not to come within 100 feet of him—the claim is moot. According to the Amended Complaint, the events in question occurred at Easterling, and Hall has since been transferred to Bibb, an altogether different correctional facility located over 200 miles away. "Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.,* 112 F.3d

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1475, 1477 (11th Cir.1997). To establish entitlement to "injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Worthy v. City of Phenix City*, 930 F.3d 1206, 1215 (11th Cir. 2019). "[T]he continuing controversy...must be real and immediate, and create a definite, rather than speculative threat of future injury." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.; Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir.1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'"). In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir.1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Hall is no longer an inmate at Easterling, having been transferred to Bibb, and the incident occurred almost three years ago. Nothing about the incident suggests that Hall faces "a real and immediate threat of repeated injury." *Murthy v. Missouri*, 603 U.S. 43, 58 (2024). He is, therefore, no longer subject to the conditions about which he complains when he filed this case and there is no indication that Hall will be returned to Easterling. "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall*

*v. Paul,* 755 F.2d 777, 780 (11th Cir.1985). Absent in this case is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Hall. *See id.* (finding that a transfer of the plaintiff back to the Coffee County Jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element). Therefore, Hall fails to establish "a substantial likelihood that he will suffer injury in the future." *Worthy*, 930 F.3d at 1215.

The Court finds that Hall's equitable and declaratory relief claims are moot and not actionable. Accordingly, these claims are due to be dismissed.

**Exhaustion**

Defendants argue that Hall's complaint allegations establish, under either of two inconsistent readings of his grievance history, that he failed to properly exhaust his administrative remedies under ADOC Administrative Regulation 406 before filing suit as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA).

The PLRA requires that a prisoner properly exhaust available grievance remedies before filing a lawsuit based on prison conditions under § 1983. *Jones v. Bock*, 549 U.S. 199, 202 (2007). "Under the PLRA '[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.'" *Varner v. Shepard*, 11 F.4th 1252, 1257 (11th Cir. 2021) (quoting 42 U.S.C. § 1997e(a)). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion under the PLRA is not a jurisdictional prerequisite but an affirmative defense, and it is not, standing alone, a proper basis for dismissal at the

pleading stage where exhaustion is not clear from the face of the complaint. *Perttu v. Richards*, 605 U.S. 460, 469 (2025); *Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense that inmates are not required to plead around).

Here, Hall's complaint allegations do not unambiguously establish non-exhaustion. Hall's Amended Complaint contains two conflicting descriptions of his grievance's disposition: one suggesting an unresolved, pending investigation, and another suggesting the process was "completed" without appeal. Hall's response further clarifies that he never received an update on the grievance he filed and that he has no control over ADOC's investigative process. Construing the allegations liberally, as the Court must for a pro se litigant and at the motion to dismiss stage, they raise a factual question as to whether an avenue for appeal was actually and practically "available" to Hall within the meaning of § 1997e(a), given his allegation that ADOC never responded to or concluded its investigation. An administrative remedy that prison officials fail to process is not "available" for exhaustion purposes. *See Ross v. Blake*, 578 U.S. 632, 643–44 (2016) (an administrative procedure is unavailable when officials are unable or consistently unwilling to provide relief, or when it is so opaque that no ordinary prisoner can discern how to use it).

Because the exhaustion question cannot be resolved solely by reference to the complaint allegations, and because material factual disputes remain regarding the availability and completion of ADOC's grievance process as applied to Hall, dismissal under 42 U.S.C. § 1997e(a) is premature at this stage. Defendants' motion therefore is due to be denied as to exhaustion, without prejudice to their right to reassert this defense on a properly developed record.

**Excessive Force, Deliberate Indifference, and Qualified Immunity**

Defendants argue that Hall has failed to sufficiently plead an excessive force and deliberate indifference claim. Defendants claim their entitlement to qualified immunity.

The core judicial inquiry for an excessive-force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). A prisoner asserting an excessive-force claim must establish two elements: "the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A claim satisfies the subjective element if the force was "sadistically and maliciously applied for the very purpose of causing harm." *Id.* The objective component "focuses on whether the official's actions were harmful enough or sufficiently serious to violate the constitution." *Id.* (cleaned up).

Hall states a plausible excessive-force claim. Hall alleges that, on November 18, 2023, he "was sprayed in the face, made to lay face down on the ground and the officers proceeded to kick and beat me with sticks on my ribs, hips, and ankle; resulting in bruises and a broken ankle" and that they "refused to let me seek medical treatment/attention or get a body chart done." (Doc. 9 at 5.) Elsewhere in his Amended Complaint he alleges that he was "laid face down on the ground then the officers kicked and hit me with the stick in my ribs, hip and ankle." (*Id*. at 8.) He then alleges that on November 20, 2023, he informed the captain and "showed him my ankle and other injuries and he took me to medical for a body chart and was given crutches and a bandage wrap for my ankle." (*Id*. at 5.) Taken as true, these allegations are sufficient to plausibly plead that these Defendants applied force

"sadistically and maliciously...for the very purpose of causing harm," and that the use of force was "sufficiently serious to violate the constitution," since according to Hall, they hit and kicked Hall *after* he laid face down on the floor and caused bruising and a broken ankle. *Sconiers*, 946 F.3d at 1265; *see also Davis v. Locke*, 936 F.2d 1208, 1213 (11th Cir. 1991) (holding that the Eighth Amendment "prohibit[s] the use of excessive force by a prison guard against an inmate" who is restrained and "pose[s] no continuing threat"); *Danley v. Allen*, 540 F.3d 1298, 1309 (11th Cir. 2008) ("When jailers continue to use substantial force against a prisoner who has clearly stopped resisting—whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated—that use of force is excessive."), *overruled in part on other grounds as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir. 2002) ("[A] prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain.").

Further, drawing all reasonable inferences in Hall's favor, Hall's allegations that Defendants denied him medical treatment or a medical visit for a body chart immediately following the use-of-force event, thereby leaving him untreated for two days for bruising and a broken ankle, plausibly states a claim for deliberate indifference to serious medical needs. *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (explaining that a serious medical need includes one "that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"); *Waldrop v. Evans*, 871 F.2d 1030, 1036 (11th Cir. 1989) (explaining that a defendant may exhibit deliberate indifference by unreasonably failing to respond to an inmate's need for medical care or by delaying necessary treatment without explanation or for non-medical reasons). An objectively serious medical need is one that has been "diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment."

*v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008). Such medical need must be one that, if left unattended, poses a substantial risk of serious harm. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).

Relatedly, Defendants argue their entitlement to qualified immunity on Hall's excessive force and deliberate indifference claims. "Qualified immunity protects government officials from individual liability unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Snorton v. Owens*, 808 F. App'x 814, 820 (11th Cir. 2020) (quotation omitted). An official invoking qualified immunity must first show he was acting within the scope of his discretionary authority. *Id.* The burden then shifts to the plaintiff to show: (1) the official violated a federal statutory or constitutional right; and (2) the unlawfulness of the official's conduct was clearly established at the time of the alleged violation. *Id.* at 820–21. Defendants were plainly acting within the scope of their discretionary authority when they allegedly used force on Hall.

"A federal right is 'clearly established' when 'at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he was doing is unlawful.'" *Anderson v. Vazquez*, 813 F. App'x 358, 360 (11th Cir. 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 63 (2018)). "In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate." *Wesby*, 583 U.S. at 63 (internal quotations omitted). To show that a legal principle is clearly established, a plaintiff must produce precedent "clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.*

As explained above, Hall adequately alleges that Defendants violated his Eighth Amendment right to be free from excessive force. So the question is whether the unlawfulness of their actions, if assumed true, was clearly established at the time. It was. When the use-of-force incident occurred, it was clearly established that "the

unjustified use of excessive force by a prison guard against an inmate" violates the Eighth Amendment. *Davis v. Locke*, 936 F.2d 1208, 1213 (11th Cir. 1991). It was also clearly established that the Eighth Amendment forbids the use of gratuitous force against a non-resisting prisoner. *Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008); *see also Skrtich*, 280 F.3d at 1303–04 (11th Cir. 2002) (holding that "[the Eleventh Circuit's] precedent clearly established that government officials may not use gratuitous force against a prisoner who has been already subdued or, as in this case, incapacitated."). Hall claims that Defendants hit and kicked him even though he was face-down on the ground and that they caused physical harm, including a broken ankle, in doing so. Accepting these allegations as true, Defendants have not shown their entitlement to qualified immunity at this time. *See Davis*, 936 F.2d at 1213 (upholding the denial of qualified immunity when evidence "that [the plaintiff] posed no continuing threat to [the defendants] after he was recaptured, and a reasonable juror could view the guards' use of force as unjustified and excessive under these circumstances."); *Smith v. Vavoulis*, 373 F. App'x 965, 967–68 (11th Cir. 2010) (similar); *Dobbins v. Giles*, 451 F. App'x 849 (11th Cir. 2012) (similar).

Further, it was clearly established at the time of the event that deliberate indifference to Hall's serious medical needs violated the Eighth Amendment. *Melton v. Abston*, 841 F.3d 1207, 1232 (11th Cir. 2016) ("And it is clearly established that a delay in treatment which results in additional pain and suffering constitutes deliberate indifference."), *overruled in part on other grounds by Wade*, 106 F.4th at 1255; *Harris v. Coweta Cnty.*, 21 F.3d 388, 393 (11th Cir. 1994) ("It is well settled that prison officials' deliberate indifference to prisoners' serious medical needs gives rise to a constitutional claim."); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) ("[A]n unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference."); *Taylor v. Blue*, 824 F. App'x 994, 995 (11th

Cir. 2020) ("It is also well established that a 'few hours' delay' in treating serious and painful injuries like broken bones may amount to deliberate indifference." (quoting *Harris*, 21 F.3d at 394)); *Brown v. Thompson*, 868 F. Supp. 326, 330 (S.D. Ga. 1994) ("Denial of food and medical attention are, *prima facie*, clearly established violations of the Eighth Amendment." (collecting cases)). Indeed, "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." *Harris*, 21 F.3d at 394; *see Melton*, 841 F.3d at 1222 ("[B]roken bones and bleeding cuts are serious medical needs that require attention within hours."); *Brown*, 894 F.2d at 1533 (approximate six-hour delay in medical treatment for "a serious and painful broken foot is sufficient to state a constitutional claim").

Based on the allegations in the Amended Complaint, Defendants have not shown their entitlement to dismissal based on qualified immunity grounds. Hall's Eighth Amendment excessive force and deliberate indifference claims will proceed.

## CONCLUSION

For the reasons stated above, it is **ORDERED** as follows:

1. Defendants' *Motion to Dismiss* (docs. 15 & 23) is **GRANTED** to the extent Plaintiff's Amended Complaint may be construed to assert (a) claims for money damages against Defendants Salter and Spann in their official capacities, and (b) a claim for injunctive relief seeking Defendants' removal from ADOC employment or their prohibition from future law-enforcement work, and therefore those claims are **DISMISSED**;

2. In all other respects, Defendants' *Motion to Dismiss* (docs. 15 & 23) is **DENIED**; and,

3. Plaintiff's individual-capacity Eighth Amendment claims for excessive force and deliberate indifference to a serious medical need against Defendants **REMAIN PENDING** and shall proceed.

**DONE** this the 4th day of November 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE